

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722*

September 17, 2013

Filed Via ECF – Courtesy Copy Provided By Hand

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
Long Island Federal Courthouse
924 Federal Plaza
Central Islip, New York 11722

                    Re:  United States v. Leonard Stambler
                         Cr. No. 11 CR 0812

Dear Judge Bianco:

        The government hereby moves _in limine_ to preclude the
defendant from improperly offering out-of-court statements of the
defendant or other individuals, whether through audio recordings or
testimony, into evidence in violation of the hearsay rule (Rule
802) and relevancy (Rules 401-403).  This motion is not concerned
with prior inconsistent statements pursuant to Rule 801(d)(1) or
the proper impeachment of a witness under Rules 608 or Rule 613 of
the Federal Rules of Evidence, but rather with the introduction of
irrelevant out-of-court hearsay statements of the defendant and
other individuals in violation of Rule 802 and Rules 401-403.

        Specifically, the government seeks to preclude the
defendant from (1) offering into evidence at trial of undercover
audio and video recordings of defendant Stambler made be law
enforcement (described below), (2) cross-examining law enforcement
personnel concerning the fact that such recordings were made and
(3) commenting in opening or closing statements concerning such
inadmissible recordings.

                    FACTUAL BACKGROUND

        On or about July 12, 2011, law enforcement agents
recorded an undercover telephone call from a pharmacist at the
Lakeview Pharmacy, Lynbrook, New York to defendant Stambler

regarding a patient, John Doe #1.[1]

On or about August 19, 2011, law enforcement agents recorded an undercover video of defendant Stambler meeting with a Confidential Informant, John Doe #2, and an Undercover Drug Enforcement Administration Task Force Officer ("TFO").[2] Thereafter, on or about September 20, 2011, the same Undercover TFO placed a recorded telephone call to defendant Stambler. Defendant Stambler provided a prescription for Oxycodone to John Doe #2 on August 19, 2011. Defendant Stambler did not provide a prescription for Oxycodone to the Undercover TFO on either date.

The government has informed defense counsel that it will not seek to introduce evidence concerning defendant Stambler's dealings with John Doe #1, John Doe #2 or the Undercover TFO in support of either the charged conspiracy or substantive distribution count. These recordings contain self-serving statements of defendant Stambler. As such, the government does not intend to elicit testimony regarding these calls/meeting or the fact that the recordings were made.

LEGAL ARGUMENT

A. Rule 802

It is well established that the defendant's own statements are hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Ev. 801(c). "Hearsay is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Ev. 802. Therefore, a defendant is generally prohibited from introducing his own out-of-court, exculpatory statements at trial. United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

---

[1]     The identity of John Doe #1 is believed to be known to the defendant via prior discovery in this case.

[2]     The identity of John Doe #2 and the Undercover TFO is believed to be known to the defendant via prior discovery in this case.

The government, however, may introduce a defendant's statements, because when introduced by the government, the statements are not hearsay. Under Federal Rule of Evidence 801(c), a statement is hearsay if and only if it is "offered in evidence to prove the truth of the matter asserted." In this case, the statements the government may seek to introduce would not be offered for their truth. In addition, a statement is not hearsay if it is "offered against a party and is [] the party's own statement." Fed. R. Evid. 801(d)(2)(A). Therefore, the government may clearly introduce the statements enumerated above. Marin, 669 F.2d at 84 ("[T]he government may wish to offer the [defendant's] statement to show that the defendant made false representations to the authorities, from which the jury could infer a consciousness of guilt, and hence guilt. In these circumstances the statement obviously is not offered for the truth of the matter asserted, and therefore is non-hearsay under Rule 801(c), as well as non-hearsay under Rule 801(d)(2)(A) as the statement of an opposing party.").

In some instances, pursuant to the "rule of completeness," the government's decision to introduce the defendant's out-of-court statements will open the door to the defendant introducing some of his own such statements. The Second Circuit has explained that rule as follows:

> We have interpreted this Rule to require that a statement be admitted in its entirety when this is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact, or to ensure a fair and impartial understanding of the admitted portion.

Marin, 669 F.2d at 84 (citations and quotation marks omitted).

It is well established that the rule of completeness applies if and only if admitting the entire statement is necessary in order to avoid confusion -- a circumstance that is missing in this case. Here, the defendant is seeking to introduce recorded statements which stand alone and do not even relate to the evidence the government will present regarding other patients of Stambler. Therefore, as the Second Circuit has explained, "The completeness doctrine does not [] require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Id.

As the Second Circuit made clear in United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999), exculpatory statements by a defendant's may not even be admissible if the government elicited

testimony about other dealings with John Doe #1, John Doe #2 or the Undercover TFO.  In Jackson, the court rejected a defendant's claim that his self-serving statement should be admitted because it followed an inculpatory admission.  The district court had admitted a ninety-second portion of a forty-five-minute tape in which the witness warned the defendant that his scheme amounted to extortion.  When the defendant moved to introduce other parts of that same tape, the district court rejected the defendant's efforts because the statements the defendant sought to admit were self-serving hearsay and not otherwise admissible.  In affirming the district court, the Second Circuit found that the doctrine of completeness did not "require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages," and noted that "the portions of the tape proffered by [the defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay."  Id. at 73.

Another district court in the Second Circuit recently issued a persuasive opinion precluding a defendant from eliciting his own exculpatory hearsay statements.  In that case, the defendant and his brother faced charges based on their possession of firearms.  As in this case, the defendant moved to suppress statements he made to law enforcement officers, arguing that he had not been properly informed of his Miranda rights.  United States v. Harper, No. 05-CR-6068L, 2006 WL 1520209, at *1 (W.D.N.Y. May 30, 2009).  The court denied the motion, finding that the defendant had been informed of his rights and had knowingly and voluntarily waived them.  Id. at *2-3.

The government subsequently moved to preclude the defendant from introducing his own exculpatory statements, even if the government introduced other of his statements.  The court granted the defendant's motion, permitting it to redact exculpatory portions of a written statement made by the defendant.  The court explained its decision as follows:

> A defendant's self-inculpatory statements []
> are admissible as non-hearsay admissions by a
> party-opponent; see Fed.R.Evid. 801(d)(2).
>
> Self-serving, exculpatory statements, on the
> other hand, are hearsay, and are therefore
> generally not admissible, unless their
> exclusion would unfairly distort the meaning
> of the declarant's non-hearsay statements that
> are in evidence.  Where the danger of such
> distortion does not exist, however, a
> defendant may not rely on the rule of

completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness . . . while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements. <u>See</u> <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000) (stating that defendant's "non-self-inculpatory statements are inadmissible hearsay," and that "[i]f the district court were to have ruled in his favor, Ortega would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids'") (<u>quoting</u> <u>United States v. Fernandez</u>, 839 F.2d 639, 640 (9th Cir. 1989)); <u>see also</u> <u>Williamson v. United States</u>, 512 U.S. 594, 599 (1994) ("[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]"); <u>United States v. Mitchell</u>, 502 F.3d 931, 964 (9th Cir. 2007) (defendant was properly precluded from eliciting, on cross-examination of government agents, exculpatory statements that he had made during interviews with agents, since those statements were inadmissible hearsay); <u>United States v. Mahaffy</u>, No. 05-CR-613, 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10, 2007) ("A court may . . . exclude any portion that consists largely of a defendant's 'own self-serving statements, which, as offered by him, are inadmissible hearsay.'") (<u>quoting</u> <u>United States v. Jackson</u>, 180 F.3d 55, 73 (2d Cir. 1999)).

<u>United States v. Harper</u>, No. 05-CR-6068L, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009) (some citations omitted).

In addition, Judge Glasser has also excluded self-serving, exculpatory hearsay, reasoning as follows:

When the government seeks to introduce inculpatory admissions by a defendant, it must also admit any exculpatory remarks that are part and parcel of the same statement. . . . Though the goal of Rule 106 is to offer the

jury a "complete" understanding of a defendant's statement, Rule 106 does not permit the unfettered admission of all omitted portions. There are several limitations that prevent the rule from becoming all encompassing under the rubric of "completeness." For instance, Rule 106 does not require the admission of portions of a statement that are neither explanatory nor relevant to the admitted passages. A court may also exclude any portion that consists largely of a defendant's own self-serving statements, which, as offered by him, are inadmissible hearsay.

United States v. Mahaffy, No. 05-CR-613 (S-3), 2007 WL 1094153, at *2 (E.D.N.Y. April 10, 2007) (citations and quotation marks omitted).

   B. Rules 401-403

      Additionally, because the government has indicated that it will not introduce evidence concerning defendant Stambler's dealings with John Doe #1, John Doe #2 or the Undercover TFO in support of either the charged conspiracy or substantive distribution count. As such, the undercover recordings are not relevant pursuant to Rule 401 and any possible relevance is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay [and] wasting time" pursuant to Rule 403.

CONCLUSION

      Thus, the government respectfully submits that Your Honor should preclude the defendant from offering into evidence at trial the undercover recordings described above, which contain self-serving statements of the defendant. As set forth above, these recordings are clearly inadmissible when offered by the defendant. As such, in order to prevent the jury from speculating regarding the content of these inadmissible recordings, the Court should also preclude the defendant from cross-examining law enforcement agents concerning the fact that such recordings were made, and commenting in opening or closing statements concerning such inadmissible recordings.

      We further respectfully submit that this Rule 802 and Rule 401-403 analysis should also be applied to any other out-of-

court statements of the defendant which are offered by the
defendant.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney


By:  _____
     Allen L. Bode
     Assistant U.S. Attorney


cc:  Gary Schoer, Esq. (via ECF)