

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722*

September 24, 2013

Filed Via ECF – Courtesy Copy Provided By Hand

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
Long Island Federal Courthouse
924 Federal Plaza
Central Islip, New York 11722

       Re:  United States v. Leonard Stambler
             Cr. No. 11 CR 0812

Dear Judge Bianco:

       The government writes in reply to the defendant's response to the government's motion in limine to preclude the defendant from offering recordings made by the government of defendant Stambler involving a confidential informant ("CI") and an undercover task force officer ("TFO").

## ARGUMENT

       Defendant Stambler makes two arguments in support of his attempt to introduce these records, first claiming that the recordings do not constitute hearsay and second arguing that the recordings are relevant pursuant to Rule 401 and as "reverse Rule 404(b)" evidence. As set forth below, neither of these arguments withstands scrutiny. Moreover, defendant Stambler does not address and cannot overcome the government's Rule 403 objection. Defendant Stambler is seeking to introduce evidence that he did not commit crimes as to the CI/TFO on August 19, 2011 and September 20, 2011, despite the fact that the government is not alleging that any of Stambler's activities in relation to the CI/TFO were criminal. To the contrary, the government has specifically identified to the defendant five patients about whom the government will present evidence concerning the conspiracy and substantive distribution of oxycodone. Simply put, defendant Stambler is seeking to contest facts which are not at issue and are irrelevant to the charges here. To analogize, if this case were concerning a robbery of bank

A on date X, Stambler would be seeking to introduce evidence that he did not rob bank B on date Y.  Such evidence is irrelevant and will only confuse the jury.

    A.    Stambler's Hearsay Claims

        1.    The August Video

Defendant Stambler initially claims that the statements contained in the video are admissible pursuant to the hearsay exception for Statements Made for Medical Diagnosis and Treatment pursuant to Rule 803(4).  This argument ignores the very rationale for this hearsay exception – that statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy since the declarant has a strong motive to tell the truth in order to receive proper care.  As the Sixth Circuit has noted:

> Declarations made in such a context are especially trustworthy because it is assumed that a person who is or will be undergoing medical treatment will attempt to accurately describe any conditions having a bearing on such treatment. See United States v. Narciso, 446 F.Supp. 252, 289 (E.D.Mich.1977). See also Fed.R.Evid. 803(4) advisory committee's notes (1972); McCormick on Evidence § 292 at 839 (3d ed. West 1984) ("[The] reliability [of statements to physicians and other medical personnel] is assured by the likelihood that the patient believes that the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides the physician.").

Kentucky Cent. Life Ins. Co. v. Jones, 7 F.3d 233, *4 (6th Cir. 1993)(unpub.).

Perhaps recognizing that this exception would not apply here, Stambler next makes the rather incredible claim that he is not seeking to introduce the video for its words, but for the conduct depicted therein.  As the government set forth above, the conduct depicted in the video – an examination and lengthy conversation with the CI – has nothing to do with whether or not defendant Stambler improperly prescribed Oxycodone in violation of the law on other days with other individuals who have been identified by the government.

3

###    2.    The September Telephone Recording

As to the subsequent telephone call recorded by the undercover, Stambler is grasping at staws in claiming that his statements in the recording are actually "conduct" and admissible as present sense impressions pursuant to Rule 803(1). Stambler cites no authority for these propositions, presumably because none exists. See Brown v. Keane, 355 F.3d 82, 89 (2d Cir. 2004)("The present sense impression exception applies only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures.").

###   B.    Stambler's Rule 401/ "Reverse 404(b)" Claims

Similarly, Stambler's claim that this evidence is relevant under Rules 401 and admissible as "Reverse 404(b)" do not withstand close scrutiny. Although Stambler alleges that "the essence of the Government's case will be that Dr. Stambler knowingly and intentionally prescribed medications without a legitimate medical purpose and outside the usual course of professional practice" (Def. Letter at 2-3), he fails to note that the Government is not alleging that all acts of prescriptions by defendant Stambler constituted criminal acts. Rather, as the government informed the defense, we will show criminal activity as to five specific patients, none of whom is the CI or TFO.

Defendant Stambler also fails to note that his "reverse 404(b)" theory, even if it were adopted by the Second Circuit, is subject to the limits of Rule 403. See United States v. Savage, 505 F.3d 754, 761 (7th Cir. 2007)(In determining whether to allow a criminal defendant to admit such evidence, a district court must balance the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time, and confusion of the issues under Rule 403).

United States v. Aboumoussallem, 726 F.2d 906 (2d Cir. 1984), cited by defendant Stambler in support of his argument is easily distinguished. Aboumoussallem dealt with admission of prior "similar acts . . . of a third party," specifically co-conspirators. Id. at 911. Here, the Third Party is the Government – the undercover TFO.

It is clear that Stambler is seeking to introduce his hearsay statements for their truth. Where the evidence at trial will show that defendant Stambler was aware that he was under law enforcement investigation, this "conduct" was clearly self-serving.

4

C.   Rule 403

Finally, defendant Stambler does not address the Rule 403 aspects here.  Allowing him to introduce evidence of his dealings which have nothing to do with the charged conspiracy or substantive distribution counts will only risk undue prejudice, confusing and misleading the jury, undue delay and waste of time pursuant to Rule 403.

CONCLUSION

For the reasons set forth above and in the government's initial motion, the government's motion in limine should be granted in its entirety.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   _____
Allen L. Bode
Assistant U.S. Attorney

cc:  Gary Schoer, Esq. (via ECF)